## WHEELWRIGHT v. SESSIONS.

No. 4494.   Decided March 25, 1927.   (255 P. 175.)

*Pratt & Pratt,* of Ogden, for appellant.

*Roy D. Thatcher,* of Ogden, and *I. E. Willey,* of Salt Lake City, for respondent.

THURMAN, C. J.

The complaint alleges that plaintiff was indebted to the Stockgrowers' Bank of Evanston, Wyo., in the sum of $3,000 upon three promissory notes of $1,000 each, falling due respectively on September 19, 1923, December 19, 1923, and March 19, 1924, with interest on each of said notes at 8 per cent per annum. The complaint further alleges that on the 27th day of August, 1923, plaintiff sold and delivered to defendant certain garage equipment consisting of tools, machinery, and other personal property, and in consideration thereof, defendant assumed and agreed to pay plaintiff's said indebtedness to said bank with interest thereon as evidenced by said promissory notes. Finally, it is alleged that defendant failed, neglected, and refused to pay said indebtedness or any part thereof, and by reason of his default

in that regard plaintiff was compelled to and did pay said notes at maturity in the sum of $3,000 with interest thereon from the 27th day of August, 1923, for which sum plaintiff prays judgment.

Defendant, answering, admits that plaintiff was indebted to said bank as alleged in the complaint, denies that plaintiff sold or delivered to defendant the property described in the complaint, or that defendant assumed or agreed to pay plaintiff's indebtedness to said bank, and denies generally every other allegation of the complaint not specifically admitted or denied.

Further answering the complaint, defendant alleges that on the 27th day of August, 1923, negotiations were begun between the parties hereto in Ogden, Utah, for the sale of certain tools and equipment belonging to plaintiff at Evanston, Wyo.; that a writing was signed by the plaintiff and H. H. Sessions, purporting to be an agent of the defendant; that on the 29th day of August, 1923, another and different writing, purporting to be a contract, was signed by the parties hereto, the original of which, as defendant is informed and believes, was in possession of the plaintiff; that thereafter on or about September 1, 1923, while at Evanston, Wyo., with the defendant herein, plaintiff failed and refused to carry out the terms of the writing made August 29, 1923, relating to the sale of said garage equipment, and repudiated the terms and provisions thereof and of the writing made on August 27, 1923, and at the same time plaintiff made other and different proposals for a contract for the sale of said equipment; that in December, 1923, and January, 1924, respectively, still other and different proposals for an agreement relating to the sale of said equipment were made by both plaintiff and defendant, but in each and all of said attempts there was a repudiation and renunciation by the parties of each of the previous proposals made between them; that in no instance was there a meeting of the minds of the parties or in any sense a completed contract binding upon the defendant. Defendant prays that plaintiff take

nothing by his complaint and that the same be dismissed, with costs to defendant.

The trial court sitting without a jury found the issues in favor of defendant and judgment was entered accordingly. Plaintiff appeals to this court for a reversal of the judgment.

It appears from the evidence that on the 25th day of August, 1923, plaintiff's wife was the owner of a garage in Evanston and that plaintiff individually owned the tools, machinery, and equipment in said garage. It also appears that defendant was the owner of what is known as the Claremont apartments in Ogden, Utah, and that at said time plaintiff was indebted to the Stockgrowers' Bank of Evanston on three promissory notes in the sum of $3,000, as alleged in his complaint.

On the said 25th day of August, 1923, as found by the court, the plaintiff made proposal in writing to the defendant for the exchange of their respective properties. The proposal was in words and figures as follows:

"Ogden, Utah, August 25, 1923.

"Mr. Harvey Sessions, City—Dear Sir: We will trade our Evanston garage for your Claremont apartment house on the following basis: You reduce the indebtedness on the Claremont to $20,000 and furnish us a clear title except this amount. You assume $3,000 for the equipment at Evanston. We give you a clear title free from all incumbrances on the Evanston garage. The insurance policies to be exchanged straight across. The taxes to be paid by each on the traded property to the time of exchange. The commission of $1,000 to be divided equally between us. This offer to be void after the 27th instant. Respectfully, D. R. Wheelwright."

On the 27th day of August, 1923, the following acceptance was made by H. H. Sessions, son of the defendant, purporting to sign as agent for defendant:

"The above agreement is accepted, and I agree to it this 27th day of August, 1923. H. H. Sessions, Agent for Harvey Sessions."

The court found that defendant never authorized H. H. Sessions to sign the acceptance and that there had never

been any consultation between H. H. Sessions and defendant concerning plaintiff's proposal to defendant, or concerning the purported acceptance thereof. The court further found that on the 29th day of August, 1923, the defendant, upon learning of the proposal made by plaintiff refused to assume a $3,000 indebtedness on the equipment at Evanston, and informed his son and the plaintiff that he would have nothing to do with the equipment, thereby refusing to ratify or confirm the act of H. H. Sessions in accepting plaintiff's proposal in so far as the same related to the garage equipment. The court further found that plaintiff's proposal to trade the Claremont apartments in Ogden for the Evanston garage including the building, grounds, and improvements thereon, was acceptable to defendant, and the deal, as far as concerned the exchange of the real property, was afterwards consummated by the owners of the respective properties.

The court further found that on the 29th day of August, 1923, plaintiff and defendant signed a certain document as a separate transaction relating entirely to a sale of the garage equipment and assumption of plaintiff's indebtedness to the Stockgrowers' Bank. This document in words and figures reads as follows:

"This agreement, made this 29th day of August, 1923, by and between D. R. Wheelwright of Ogden, Utah, party of the first part, and Harvey Sessions of Logan, Utah, party of the second part.

"Whereas first party is selling to the second party certain equipment, as per attached list, now situated in the Universal Garage at Evanston, Wyoming. And the second party is reselling said equipment to one Fred Kohlenberg, of Montpelier, Idaho:

"It is agreed between both parties as follows:

"That if in the transfer of this property it becomes necessary for first party to sign certain notes to the Stockgrowers' Bank at Evanston, Wyoming, for the sum of three thousand ($3,000.00) dollars, in conjunction with the second party, and Mr. Kohlenberg, that, and in that case, certain real estate now belonging to Fred Kohlenberg will be deeded to said bank, and that a bill of sale of said equipment will be made to said bank, and an agreement will be made by second party to said bank, that he will not dispose of the real estate known as the

universal garage until said note in the sum of three thousand ($3,-000.00) dollars, shall have been paid in full, or the party of the first part shall have been released by the bank from the payment of said note.

"It is further agreed that the bank will redeed to said Fred Kohlenberg said property, and reconvey aforesaid equipment, and that the deed to Kohlenberg and the last mentioned conveyance, together with the agreement from Harvey Sessions not to sell said Universal Garage, shall be placed in escrow in said bank. Subject to the payment of said note; and that if said note or any part thereof is paid by the first party, upon demand of the bank, the first party may withdraw all of said papers from said escrow, or sufficient thereof, the sale of which will reimburse him for money paid by him to the bank, and such other costs.

"The transfer of the equipment mentioned in the attached list to take place on the 1st day of October, 1923.

"The consideration of this agreement is one ($1.00) dollar and other valuable consideration, each party to the other in hand paid, receipt of which is hereby acknowledged.

"D. R. Wheelwright, First Party,
"Harvey Sessions, Second Party."

It appears from the evidence that prior to executing this document Fred Kohlenberg, mentioned in the instrument, had been negotiating with the plaintiff for the purchase of the garage equipment and for a lease of the garage, but the negotiations had not resulted in a completed contract. It appears upon the face of the document quoted that if its provisions were carried out Kohlenberg would become the owner of the garage equipment.

Respecting the document signed by the parties on August 29, 1923, the court found that its provisions had not been complied with; that "the contract was never completed and nothing came of it; that no deeds were placed by Kohlenberg in the Stockgrowers' Bank, no bill of sale from anybody was made to the bank, no agreement not to sell the real property was made with Harvey Sessions and the bank, and no new notes were signed by anybody." The court further found that on August 29, when the document was signed, there was a dispute between plaintiff and defendant as to how the notes should be signed, "as to who was to sign

as principal and who as surety, and that there was never an understanding or meeting of the minds of the parties or in any sense a completed arrangement or consummation of the plans set out in the contract of August 29, 1923." The court further found that the Stockgrowers' Bank refused to accept either the defendant or Fred Kohlenberg as principal on the notes because they were not known to the bank, and that plaintiff refused to sign the notes because of some partnership arrangement he had with the Wheelwright Construction Company in Ogden; that defendant was willing, as late as October 1, 1923, to sign the notes as surety but not as principal. As to who was to execute the bill of sale, the court found it was not made clear either by the contract or the evidence; that no contract had ever been entered into between defendant and Kohlenberg as to the sale of the garage equipment; that the defendant never made any agreement to purchase the equipment; that the defendant was willing to sign the notes as surety because it would assist in closing the deal and would give him a tenant for his building, which he had acquired from Mrs. Wheelwright. The court also found that on October 1, 1923, plaintiff appeared in Evanston and turned the garage equipment over to Kohlenberg and took his receipt therefor. Kohlenberg had already procured a lease for the garage from the defendant, Harvey Sessions. Such lease made no reference to the equipment, nor had plaintiff ever consulted defendant about turning the equipment over to Kohlenberg, nor was Kohlenberg authorized by defendant to receive the property.

Finally, the court found that the allegations in plaintiff's complaint to the effect that plaintiff sold and delivered to defendant the garage equipment in consideration of defendant assuming plaintiff's indebtedness to the Stockgrowers' Bank was not sustained by the evidence and that the allegations in defendant's answer had been sustained.

Much evidence was admitted at the trial, probably pro forma, which was wholly irrelevant and immaterial. There is also much irrelevant matter in the findings of the court.

We have read the record with considerable care, and are of opinion that the findings of the court are amply sustained by the evidence.

There was substantial evidence to show that the written proposal of plaintiff of August 25, 1923, to exchange properties between the parties, including the sale to defendant of the garage equipment at Evanston, was not binding upon the defendant because the acceptance of said proposal by his son, H. H. Sessions, was not authorized by defendant and was without his knowledge. He expressly repudiated that portion of the proposal which related to the purchase of the equipment and the assumption of plaintiff's indebtedness to the Stockgrowers' Bank. That part of the proposal that related to the exchange of Claremont apartments in Ogden for the real estate constituting the garage at Evanston was accepted by defendant, and the exchange of said properties was fully consummated and proper instruments of conveyance made therefor by the defendant and Mrs. Wheelwright, the owners of the respective properties. This is admitted by the plaintiff.

The contract of August 29, signed by plaintiff and defendant, related solely to the sale of the garage equipment and the assumption of plaintiff's indebtedness to the Stockgrowers' Bank. The evidence as to that contract shows conclusively that it was impossible of consummation according to its terms, which were ambiguous, and it could not be carried out unless the parties agreed upon the meaning of its terms. Defendant contended that the sale of the equipment, as provided in the contract, was to Kohlenberg, who was to assume plaintiff's indebtedness at the Stockgrowers' Bank, and that the defendant and plaintiff were to sign only as sureties. Plaintiff, on the other hand, contended that the contract contemplated a sale to defendant and defendant was to sign the notes as principal. But in any event it appears that the bank would not accept either the defendant or Kohlenberg as principal on the notes, and consequently the contract attempted between

the parties was impossible of consummation. Neither the bank nor Kohlenberg was a party to the contract and was not bound thereby.

The fact that the equipment was delivered by plaintiff to Kohlenberg without any consultation with defendant or authority from him is well-nigh conclusive that plaintiff considered the property as his own and not that of defendant. Kohlenberg testified as to that transaction, that he received the property from plaintiff and gave him a receipt therefor; that he dealt with plaintiff alone and not with the defendant. Furthermore, as found by the court, the evidence shows that no deeds were executed by Kohlenberg and deposited in the bank, nor was there a bill of sale for the equipment deposited as required by the contract of August 29, 1923. Plaintiff makes the contention that defendant ratified the plaintiff's proposal of August 25, 1923, signed by defendant's son as agent, for the reason, among other things, that that part of said proposal relating to the exchange of the real properties was accepted and consummated by the execution of proper transfers. When we consider that the garage at Evanston belonged to Mrs. Wheelwright and not to the plaintiff, and that the defendant was willing to accept that part of the proposal of August 27, we cannot understand why an exchange of the real properties between the defendant and Mrs. Wheelwright should be considered a ratification of the proposal to sell the garage equipment which belonged to the plaintiff.

The court found that the contract of August 29 was a transaction entirely separate from the proposal of August 25, 1927, and it would seem that that must have been well understood by the plaintiff when he commenced the action, for his complaint makes no allusion whatever to any contract except that relating to an alleged sale of the equipment and assumption of plaintiff's indebtedness to the bank.

Plaintiff has assigned many errors, most of which are without merit, but all of which we have carefully considered. There is no prejudicial error in the record.

The judgment is affirmed, at plaintiff's cost.

CHERRY, GIDEON, STRAUP, and HANSEN, JJ., concur.